UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH OMOKEHINDE,    No. 06-15241

    Plaintiff,    District Judge Gerald E. Rosen

v.    Magistrate Judge R. Steven Whalen

DETROIT BOARD OF EDUCATION,
a/k/a DETROIT PUBLIC SCHOOLS, a
body corporate, and JENNIFER JOUBERT,
individually and in her official capacity,
Jointly and Severally,

    Defendants.
_____/

# ORDER DENYING DEFENDANT'S MOTION TO
# COMPEL RESPONSE TO SUBPOENA

Before the Court is Defendant's Motion to Compel Response to Subpoena to Detroit Free Press [Docket #59]. Pursuant to E.D. Mich. L.R. 7.1(e)(2), this motion will be submitted and determined on the briefs, without oral hearing.

At issue is an October 3, 2007 subpoena, issued to the Detroit Free Press, requesting production of the following:

> "Any and all documents, letters, e-mails, memoranda or other correspondence sent to The Detroit Free Press and/or Chastity Pratt by Deborah Omokehinde, including, but not limited to, an anonymous letter sent by Ms. Omokehinde to The Detroit Free Press in January, 2005; and any and all documents, letters, e-mails, memoranda or other correspondence sent to Deborah Omokehinde by any current or former employee or agent of The Detroit Free Press, including, but not limited to, Chastity Pratt."

This Court has issued an Opinion and Order denying the Defendant's motion to compel the Plaintiff's production of email responses that she received from Detroit Free Press reporter Chastity Pratt, and also granting the Detroit Free Press and Ms. Pratt a protective order precluding the production of communications flowing from the paper to the Plaintiff.[1] For the reasons stated in that Opinion and Order, the present motion to compel is denied with respect to emails or other communications that were sent by Ms. Pratt or the Free Press to the Plaintiff.

The subpoena also requests that the Free Press produce an anonymous letter that the Plaintiff apparently sent to the Free Press in January, 2005. According to the Plaintiff's deposition testimony, the letter was sent to "the Free Press," not to Ms. Pratt. The Plaintiff testified that she did not have a copy of this letter, because it was destroyed or deleted by a computer malfunction.

There are several problems with the Defendant's subpoena of this anonymous letter. First, newspapers receive anonymous letters all the time, on a variety of subjects, including often-reported issues involving the Detroit Board of Education. Some of these letters might well provide investigative leads, making their authors, in effect, confidential informants. This brings into play the concerns expressed in my order denying the motion to compel, as well as in Part III of my opinion in *In re DaimlerChrysler AG Securities Litigation*, 216 F.R.D. 395, 401-406 (E.D. Mich. 2003). The relevance of this information for purposes of

---

[1] The Plaintiff has produced emails that she sent to Ms. Pratt.

Fed.R.Civ.P. 26 must be balanced with, among other factors, the requesting party's need for the information and the potential harm to the news gathering function of the press.

On a related note, if the letter was anonymous, how would the Free Press be able to identify which one of probably many anonymous letters is the Plaintiff's? Must they turn over all of the anonymous letters, and let the parties sort it out? This would lead to the very kind of entanglement of the press in private litigation that court criticized in *Gonzales v. Nat'l Broadcasting Co., Inc.,* 194 F.3d 29, 35 (2nd Cir. 1999) (quoted with approval in *DaimlerChrysler, supra*):

> "If the parties to any lawsuit were free to subpoena the press at will, it would likely become standard operating procedure for those litigating against an entity that had been the subject of press attention to sift through the press files in search of information supporting their claims."

Finally, the Defendant has not shown a compelling need for this "anonymous" letter. As explained in the Opinion and Order denying the Defendant's motion to compel, the Plaintiff's communications to the press are relevant to the first element of a First Amendment retaliation claim by a public employee: whether the relevant speech involved a matter of public concern. However, it appears that the bulk of the Plaintiff's correspondence with the Free Press is contained in her emails to reporter Chastity Pratt, who wrote an article detailing the Board's alleged misuse of federal funds. The Plaintiff has produced those emails to the Defendant, and it is those emails on which she bases her claim. At most, the anonymous letter would be only marginally relevant, as well as cumulative. Moreover, to the extent that Plaintiff posits retaliation based on her anonymous letter, it is *her* burden to substantiate that

claim by producing the letter, and her failure to do so would work to her own detriment.

Therefore, for these reasons and the reasons set forth in my Opinion and Order denying Defendant's motion to compel, the present motion [Docket #59] is DENIED.

SO ORDERED.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 13, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 13, 2007.


s/Gina Wilson
Judicial Assistant